IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JON M. COSTELLOW, INDIVIDUALLY AND ON BEHALF OF ALL THOSE SIMILARLY SITUATED | § § § § | |
| VS | § § § § § | C.A. No.<br><br>COLLECTIVE ACTION |
| BECHT ENGINEERING CO., INC. | § | |

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:

COMES NOW, JON M. COSTELLOW, Individually and on Behalf of All Those Similarly Situated, and, files this their Original Collective Action Complaint complaining of BECHT ENGINEERING CO., INC., Defendant, and for cause of action would respectfully show unto this honorable Court as follows:

**I.
JURISDICTION AND VENUE**

1.    This case arises under the FAIR LABOR STANDARDS ACT of 1938, as amended 29 U.S.C. §201 *et seq* (hereinafter referred to as "FLSA") and includes violations of 29 U.S.C. §207.

2.    This Court has jurisdiction over this cause of action pursuant under Section 16(b) of the FLSA (29 U.S.C. §216(b)), by the provisions of 28 U.S.C. §§1331, 1337 and 1367.

3. Plaintiff brings this complaint in the Eastern District of Texas in which he currently resides and where a substantial amount of the Defendant's conduct, events or omissions occurred giving rise to these causes of action. Accordingly, the court has personal jurisdiction over the parties and venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## II.
## PARTIES AND SERVICE

4. The Plaintiff appears in this action on behalf of himself and all those that are similarly situated, which is all nonexempt hourly current and former employees who worked for Defendant and who were subject to Defendants' single pay rate system which deprived Plaintiff and those similarly situated of overtime wages mandated by Section 207 of the FAIR LABOR STANDARDS ACT ("FLSA").

5. Defendant, BECHT ENGINEERING CO. INC. (also referred to as "Becht") is a Foreign For-Profit Corporation which does business throughout the country including the State of Texas and may be served with process by serving its Registered Agent, Bonnie Winkler, 1300 Rollingbrook, Suite 403, Baytown, Texas 77521-4234, as identified with the Texas Secretary of State, or wherever Defendant may be found.

6. Plaintiff, JON M. COSTELLOW (also referred to as "Costellow") has been and is currently employed by Defendant since approximately November 2018. Throughout his employment with Defendant to the present, Plaintiff has worked as a non-exempt hourly wage employee for Defendant. *See*, "Exhibit A," Plaintiff's Consent to Join required by the FLSA, attached hereto.

## III.
## FACTUAL BACKGROUND

7.     Becht is a company based in New Jersey which business includes providing (i) engineering related work and solutions, (ii) plant services, and (iii) software tools to different industry segments worldwide, including the petrochemical industry, crude refining and production, and other industry segments mentioned below, excerpted from Becht's website:

Becht's services are deployed to many industries throughout the world. We serve clients across many different industries, including:

- Crude Refining & Production
- Petrochemical & Specialty Chemical
- Power Generation (Nuclear, Fossil and Renewables)
- Renewable Fuels
- Industrial Gas
- Equipment Manufacturing
- Litigation Support

*See*, "Exhibit B," Excerpt from Becht's website https://becht.com/industries-served/. Becht's history and examples of its work projects are described on Becht's website, among which include the following:

> Becht Advisors Exceed Client Expectations
>
> By:  Bonnie Winkler Saturday, January 16, 2016
>
> Advisors
>
> *Gulf Coast Refinery Turnaround*
>
> Becht Engineering mobilized Advisors to Louisiana to supplement a Client's operations organization during a 45-day, fourth quarter 2015 turnaround. The planned outage included cleaning the pyro-fractionator coke fines, replacing the internals of a 5-stage gas compressor, cleaning, inspecting and making tie-ins for a flare recovery system, complete re-traying of an ethylene splitter, and cleaning and inspection of all associated piping and pumps.

> Our Advisors were engaged in on-site orientation and training for six weeks prior to assuming their intended roles, which included assisting operations in pre-turnaround planning for equipment shutdown and maintenance.
>
> Becht team members exceeded Client expectations by handing over equipment to maintenance five days prior to plan during the shutdown and decontamination phase. Following completion of the mechanical work, the Becht Advisors checked all equipment (*e.g.*, air freeing, pressure testing) and ensured a seamless startup. Of note — Becht contributed to the safety of the shutdown with no incidents nor safety violations within the team or those they supervised.
>
> We extend our appreciation to the following Becht Engineering Operations Advisors who completed their assignments and significantly contributed to the overall success of the event:
>
> | | |
> |---|---|
> | Michael Sylvester (Becht Team Lead) | John Hains |
> | Wallace Banks | Alvin Lee |
> | Benjamin Brown | Elbe Newsome |
> | Cyrus Edlow | Larry Scurlock |
> | Warren Federer | |

8.      Plaintiff has been employed as an Advisor with Defendant since approximately November 2018. Since November 2018, Plaintiff has worked for Becht at the Valero Refinery in Port Arthur, Texas under the supervision of Becht's Site Manager. Among the work/services Plaintiff and his similarly situated employees provide include, planning, budgeting, scoping, procurement of material and equipment, logistics (*e.g.* Delivery, storage, application, installation of equipment and material), tracking material and equipment, providing support companies like Valero with the selection of contractors, etc.

### A. Becht's Pay Practice Used a Single Rate for "All" Hours Worked — Including Overtime Hours over 40 in a Workweek

9. At the time Plaintiff was hired with Becht through December 2019, Becht used a single hourly rate to compensate Plaintiff and those similarly situated for all hours worked, including those hours worked in excess of 40. Simply put, between November 2018 and December 2019, Becht did not implement an overtime rate and pay overtime wages. As a nonexempt hourly pay employee, Plaintiff was subjected to this pay practice and was paid a single rate for both regular hours up to 40 and all hours over 40. Becht applied this single hourly rate to all hours worked in disregard for the workers' rights under the FLSA to be paid 1.5 times their regular rate for all hours worked over 40 in a workweek.

10. For Plaintiff Costellow, when he began working for Becht his hourly pay rate was $70.00. Thereafter, Becht increased the hourly rate to $75.00 per hour. Prior to the timeframe of December 19, 2019, Becht paid Plaintiff that same hourly rate — $70.00 or $75.00 — for all hours worked without any increase for hours worked over 40. During this time frame, Plaintiff and those similarly situated, worked many hours over 40, but were only paid at the straight time/regular hourly rate of $70.00 or $75.00. *See,* "Exhibit C," Sample of Payroll Records attached hereto. For example, referring to "Exhibit C," for the two-week pay period ending August 2, 2019, Plaintiff Costellow worked 133.75 hours (53.75 hours of overtime), but was paid the same hourly rate ($75.00) for all hours worked, including the overtime hours. *See,* "Exhibit C." This same procedure and FLSA violation are likewise demonstrated in other of the payroll records attached as "Exhibit C."

11. On or about December 19, 2019, Becht started recognizing its overtime obligations and began paying an overtime rate for hours worked over 40 in a workweek. For Plaintiff, beginning around December 19, 2019, Becht began paying Plaintiff overtime wages at the rate of $112.50 for all hours worked over 40 in a workweek, which is 1.5 times $75.00.

12. In sum, between at least November 2018 and December 2019, Becht's compensation policy was to pay the same hourly rate for hours worked "under" and "over" 40, and not pay the prescribed overtime rate for hours worked over 40 — 1.5 times their regular rate. As such, Defendant's pay practices were in violation of the FLSA. 29 U.S.C. §207.

13. Prior to and after November 2018 Becht was aware of its obligations under the FLSA to pay employees at the overtime rate prescribed by the FLSA — 1.5 times the regular rate of pay — for all hours worked over 40 in a workweek.

14. Becht has used this same "single pay rate" practice to compensate other similarly situated nonexempt hourly employees at Valero and other work sites throughout Texas and the United States. Plaintiff brings this action individually and as part of a collective action under the FLSA 29 U.S.C. §216(b) on behalf of those other current and former employees of Defendant during the three-year period prior to filing this lawsuit through the present, who were/are non-exempt employees, and who were not properly paid 1.50 times their "regular rate of pay" prescribed by the FLSA.

15. The class members (hereinafter "Class Members") should include the following individuals:

> All current and former hourly or salaried non-exempt employees who worked for Defendant between April 27, 2017, and the present who were paid a single hourly rate for all hours worked, including hours over 40 in a workweek, and did not receive overtime wages at the correct overtime rate of 1.5 times their regular rate of pay.

16. In addition to unpaid overtime wages, Plaintiff and the Class Members are entitled to recover liquidated damages, and imposition of the 3-year look back period. The Class Members are similarly situated as Plaintiff Costellow and engaged in commerce or in the production of goods for commerce during the employment duties for the Defendant.

17. Plaintiff reserves the right to seek relief as to any other violations of the FLSA.

## IV.
## COLLECTIVE ACTION ALLEGATIONS UNDER
## THE FAIR LABOR STANDARDS ACT

18. There is no exemption that excuses the Defendant from paying the overtime hours and proper overtime compensation to the Plaintiff and the Class Members.

19. In support of these Collective Class Action allegations under the FLSA, Plaintiff incorporates all allegations of fact and claims set forth above and below and the exhibits attached hereto. This action is allowed to be a collective action as to claims for all the overtime hours and proper overtime compensation, liquidated damages, interest, reasonable attorney's fees and costs under FLSA. In addition to the Named Plaintiff, many current and former employees of the Defendant are similarly situated with regards to the wage violations as described above and which were caused by Defendant's pay practices. These current and former employees would

constitute the Class Members, and would also be entitled to recover liquidated damages, attorney fees, and costs.

20. The Named Plaintiff's experiences are representative of those of the current and former employees which constitute the Class Members, and he will fairly and adequately represent and protect the interest of the proposed class. Named Plaintiff has no interest opposite to those of the other members of the proposed class and Plaintiff's attorneys are able and willing to conduct this litigation.

21. For purposes of claims brought under the FLSA, the Class Members of similarly situated Plaintiffs would be properly defined as:

> All current and former hourly or salaried non-exempt employees who worked for Defendant between April 27, 2017, and the present who were paid a single hourly rate for all hours worked, including hours over 40 in a workweek, and did not receive overtime wages at the correct overtime rate of 1.5 times their regular rate of pay.

Plaintiff reserves the right to modify or update this definition as evidence and information are discovered.

22. The class shall not include the presiding judge, any persons currently employed by the United States Government and working in the offices of or on behalf of the District Clerk for the Eastern District of Texas, or in the office of or on behalf of any judge sitting in the Eastern District of Texas, and any person who become so employed or so work prior to the entry of a Final Judgment in this action.

23. A collective action is the best method for the fair and efficient adjudication of the claims asserted herein, and Named Plaintiff is not aware of any difficulties that are likely to be encountered in the management of this collective action.

24. This action is allowed to be a collective action as to the claims for all the overtime hours and overtime compensation, liquidated damages, interest, reasonable attorney's fees and costs under FLSA. In addition to the Named Plaintiff, many current and former employees of the Defendant are similarly situated with regards to the wage violations as described above, in that they have been refused proper overtime compensation

## V.
## VIOLATIONS OF THE FLSA

25. Plaintiff incorporates all allegations of fact and claims set forth above and below and the exhibits attached hereto. The facts set forth above and evidence will demonstrate that Defendant, negligently and willfully failed to pay Plaintiff and those similarly overtime wages due and owing under the FLSA. Defendant failed to calculate and pay overtime wages at 1.5 times the "regular rate" of pay, as mandated by the FLSA — 29 U.S.C. §207 (a) (1). *See also, Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1041 (5th Cir. 2010) (The FLSA broadly defines "regular rate" as the hourly rate actually paid the employee for "all remuneration for employment." The regular rate by its very nature must reflect all payments which the parties have agreed shall be received regularly during the workweek, exclusive of overtime payments.)

26. Defendant negligently and willfully and/or with reckless disregard for its obligations under the FLSA, failed to pay 1.5 times the regular rate of pay for all hours worked over 40 for Plaintiff and the Class Members.

27. Defendant was aware of its obligations under the FLSA to pay Plaintiff and the Class Members overtime at a rate not less than one- and one-half times the "regular rate." As such, Defendant should be required to pay overtime compensation to all those current and former employees who were subjected to the single rate pay practice and who are owed overtime compensation for the maximum 3-year period.

28. Plaintiff and the Class Members are entitled to damages representing wages not properly paid, as well as an additional equal amount as liquidated damages resulting from Defendant's violations of the FLSA committed willfully and/or in reckless disregard for the requirements and Plaintiffs' rights under the FLSA. 29 USC §§207, 216(b), 255(a). Plaintiff and the Class Members are further entitled to recover their attorneys' fees, expert fees, pre-judgment and post-judgment interest on all damages, and their costs of court.

## VI.
## TOLLING

29. To the extent necessary, Plaintiff pleads that tolling applies to toll limitations back to the filing of this action and/or agreements of the parties.

## VII.
## ANTI-RETLIATION NOTICE

30. Please take notice that it is unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding to recover overtime compensation under 29 U.S.C. §207.

## VIII.
## **JURY DEMAND**

31. Plaintiffs exercise the right to a jury.

## IX.
## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant, and demand as follows:

a. For an order certifying this matter as a collective action under the Federal Rules of Civil Procedure, and appointing Named Plaintiff and his attorneys to represent the class;

b. For an order directing that all collective action members be notified of the pendency of this action and given an opportunity to consent to participation, at the cost of Defendant;

c. For damages for the full amount of the unpaid overtime wages, as well as an additional equal amount as liquidated damages resulting from the Defendant's willful violation of the FLSA;

d. For damages under the FLSA, Plaintiff prays the Court impose the three (3) limitations period for Defendant willful violations of the FLSA;

e. For any additional damages, actual, special and incidental, that are recoverable under law as the evidence may show proper;

f. For all attorney fees mandated by the FLSA;

g. For all costs and expenses of these proceedings including expert fees as the Court deems appropriate;

h. For pre-judgment and post-judgment interest at the highest rates allowable by law; and

i. For other relief, in law or in equity, as to which Plaintiff and Class Members are allowed by law.

Respectfully submitted,

REAUD, MORGAN & QUINN, L.L.P.
801 Laurel Street
Post Office Box 26005
Beaumont, Texas 77720-6005
Telephone: (409) 838-1000
Telecopier: (409) 833-8236


By: */s/ Mark Frasher*
    John Werner
    State Bar No. 00789720
    jwerner@rmqlawfirm.com
    Mark Frasher
    State Bar No. 00798187
    mfrasher@rmqlawfirm.com

    **Attorneys for Plaintiffs**