IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JON M. COSTELLOW, INDIVIDUALLY AND ON BEHALF OF ALL THOSE SIMILARLY SITUATED | § § § § | |
| | § | CASE NO. 1:20-cv-00179 |
| v. | § § | JUDGE MICHAEL TRUNCALE |
| BECHT ENGINEERING CO., INC. | § § | |

**OPINION AND ORDER**

Before the Court is Plaintiffs Jon M. Costellow ("Costellow"), John M. Triplett ("Triplett"), Carl Hebert ("Hebert"), and Bruce Hallman's ("Hallman") (collectively, "Named Plaintiffs") Opposed Motion for Equitable Tolling. [Dkt. 32]. The Court has considered the Motion, all other relevant filings, and the applicable law. For the reasons stated below, the Court finds that Named Plaintiffs' Motion for Equitable Tolling [Dkt. 32] is GRANTED.

## I.     BACKGROUND

Named Plaintiffs all worked or work at Defendant Becht Engineering Co., Inc.'s ("Defendant") Valero Refinery. [Dkt. 6, p. 5; Dkt. 7, p. 3]. Named Plaintiffs claim that they were not paid overtime for hours they worked in excess of forty hours in any given workweek as mandated by the Fair Labor Standards Act ("FLSA"). [Dkt. 6]. On April 27, 2020, Costellow filed a Complaint against Defendant. [Dkt. 1]. On May 5, 2020, Triplett opted-in to the action, and Costellow and Triplett filed their First Amended Collective Action Complaint. [Dkt. 3]. On May 7, 2020, Costellow and Triplett filed their Second Amended Collective Action Complaint. [Dkt. 4]. On May 8, 2020, Hallman and Hebert opted-in and all four Named Plaintiffs filed their Third Amended Collective Action Complaint. [Dkt. 6]. Defendant filed its Answer on May 27, 2020, generally denying Named Plaintiffs' allegations and asserting that it believed, in good faith, that

its pay practices with respect to the Named Plaintiffs comported with the requirements of the FLSA. [Dkt. 7].

On July 1, 2020, Named Plaintiffs filed their Opposed Motion to Certify a Collective Action Pursuant to Section 216(b) of the FLSA, and to Approve a Proposed Notification to All Putative Collective Action Members [Dkt. 19]. The Court conditionally certified the class on December 9, 2020. [Dkt. 41]. On July 21, 2020, Named Plaintiffs filed a motion to compel Defendant to produce discovery, which is still pending before the Court. [Dkt. 36]. On October 2, 2020, Plaintiffs filed this Opposed Motion for Equitable Tolling [Dkt. 22] and a Supplemental Motion to Certify a Class [Dkt. 23]. The Court granted Plaintiffs' Supplemental Motion to Certify a Class on December 9, 2020. [Dkt. 41].[1]

## II.     LEGAL STANDARD

Generally, an FLSA violation claim is subject to a two-year statute of limitations, which is extended one additional year for claims involving a "willful" violation. 29 U.S.C. § 255(b). The limitations period for an FLSA collective action runs until the plaintiff or a putative class member opts-in by filing a notice of consent or filing suit. *Id.* § 256; *see also Sehr v. Val Verde Hosp. Corp.*, 368 F. Supp. 3d 1106, 1108 (W.D. Tex. 2019). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (internal citation and quotations omitted). Whether to equitably toll a limitations period is a decision that lies within the discretion of the district court. *Sehr*, 368 F. Supp. 3d at 1108 (citing *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)).

---

[1] The Court directs the parties to the Order Granting Plaintiffs' Opposed Motion to Certify a Collective Action [Dkt. 41] for the Court's full recitation of the factual and procedural background of the case.

The doctrine of equitable tolling is applied sparingly, but it is consistently applied where a plaintiff has acted diligently, and the delay concerns extraordinary circumstances. *Shidler v. Alarm Sec. Grp., LLC*, 919 F. Supp. 2d 827, 830 (S.D. Tex. 2012) (citing *Caldwell v. Dretke*, 429 F.3d 521, 530 n.23 (5th Cir. 2005) ("Equitable tolling will not be granted if an applicant failed to diligently pursue his rights.")); *see also Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (noting that equitable tolling only applies in exceptional circumstances) (internal quotations omitted). "[T]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653 (2010). "Whether diligence is reasonable is an equitable, often fact-intensive inquiry in which courts are instructed to avoid mechanical rules and instead to draw upon decisions made in other similar cases for guidance." *Palacios v. Stephens*, 723 F.3d 600, 605 (5th Cir. 2013) (quotations omitted). An "extraordinary circumstance" is one that "derives from some external obstacle to timely filing beyond the plaintiff's control, not from self-inflicted delay." *Sehr*, 368 F. Supp. 3d at 1108 (quoting *Sandoz v. Cingular Wireless, L.L.C.*, 700 F. App'x 317, 320 (5th Cir. 2017)). "The party who invokes equitable tolling bears the burden of proof." *Teemac*, 298 F.3d at 457.

### III.    DISCUSSION

Named Plaintiffs move this Court for "an order tolling limitations for members of the 'putative class' as of July 1, 2020, the date Plaintiffs filed the Motion for Conditional Class Certification, through the deadline members of the putative class are permitted to file their written Consent to join." [Dkt. 32, p. 1]. The statute of limitations continues to run against members of the putative class who have not yet received notice informing them of the existence of this lawsuit, their rights to join this lawsuit, and the procedure they must follow to join this lawsuit. [Dkt. 32, p. 2]. The only way a member of the putative class can stop the running of limitations is to take

the affirmative step of filing their written consent to join. *Cash v. Conn's Appliances*, 2 F. Supp. 2d 884, 897 (E.D. Tex. 1997).

The putative class includes "all current and former hourly workers who worked for Defendant at the Valero Refinery in Port Arthur, Texas during the prior three years who were paid a single hourly rate for all hours worked, including hours over forty in a workweek, and did not receive overtime wages at the correct overtime rate of 1.5 times their regular rate of pay." [Dkt. 41].

Named Plaintiffs ask the Court to toll the statute of limitations in this case because (1) Defendant misrepresented that it was paying employees all overtime wages they were owed under the FLSA; (2) Named Plaintiffs pursued their rights diligently in light of the extraordinary circumstances—the COVID-19 pandemic and this Court's delay in certifying the class; and (3) Defendant will not be prejudiced by tolling. [Dkt. 32]. Defendant argues that equitable tolling should be denied because (1) Defendant's good-faith belief in its pay practices does not constitute "extraordinary circumstances"; (2) equitable tolling is not available "during the period that a court considers whether to certify a case as a collective action;" (3) the COVID-19 pandemic does not warrant equitable tolling; and (4) Plaintiffs' arguments are speculative and affect only hypothetical future plaintiffs. [Dkt. 34].

### A. Did Named Plaintiffs Pursue Their Rights Diligently?

Named Plaintiffs argue that they diligently pursued conditional certification because they filed their motion for certification just over a month after Defendant filed its Answer. [Dkt. 32, p. 9]. Defendant argues that Named Plaintiffs did not pursue their rights diligently because "[Plaintiffs] were told as far back as November 2018 . . . that Defendant did not pay overtime." [Dkt. 34, p. 4].

4

Named Plaintiffs have shown that they pursued their rights diligently. In *Shidler v. Alarm Security Group, LLC*, the court noted that the plaintiff diligently pursued his rights, in part because he sought certification of the collective action shortly after the defendant filed its answer to plaintiff's complaint. 919 F.Supp.2d 827, 829–31 (S.D. Tex. 2012). Here, like in *Shidler*, Named Plaintiffs diligently pursued their rights because Named Plaintiffs filed their motion for conditional certification just over a month after Defendant filed its Answer. [Dkts. 7, 19]; *see also Yahraes v. Rest. Associates Events Corp.*, 10-CV-935 SLT, 2011 WL 844963, *2–3 (E.D.N.Y. Mar. 8, 2011) (finding plaintiffs were diligent in filing motion for court-supervised notice about a month after filing complaint).

The Court disagrees with Defendant that Named Plaintiffs did not pursue their rights diligently because "[Plaintiffs] were told as far back as November 2018 . . . that Defendant did not pay overtime." [Dkt. 34, p. 4]. It is enough that Named Plaintiffs filed their motion to certify a collective action shortly after Defendant's Answer and thus, acted with reasonable diligence in pursuing their rights. *See Yahraes*, 2011 WL 844963 at *2−3.

### B. Are There Extraordinary Circumstances?

Named Plaintiffs argue that the COVID-19 pandemic and this Court's delay in certifying the class are extraordinary circumstances that warrant tolling. [Dkt. 32, p. 8]. Plaintiffs also argue that Defendant misrepresented that it was paying employees appropriate overtime wages and, therefore, employees were lulled into believing that there was no FLSA violation. *Id.* at 4. In response, Defendant contends that equitable tolling is not available "during the period that a court considers whether to certify a case as a collective action" and that "the COVID-19 pandemic does not warrant equitable tolling in this matter." [Dkt. 34, p. 6–7]. Defendant further contends that its

"good-faith belief in its pay practices does not constitute 'extraordinary circumstances' sufficient to trigger equitable tolling." *Id.* at 3.

Plaintiffs have shown the existence of an extraordinary circumstance. "The delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an 'extraordinary circumstance[]' justifying application of the equitable tolling doctrine." *Yahraes*, 2011 WL 844963 at *2 (citing *Abadeer v. Tyson Foods, Inc.*, 2010 WL 5158873, at *2–4 (M.D. Tenn. Dec. 14, 2010)); *see also Israel Antonio–Morales v. Bimbo's Best Produce, Inc.*, 2009 WL 1591172, at *1 (E.D. La. Apr. 20, 2009) (collecting cases for the proposition that "[c]ourts routinely grant equitable tolling in the FLSA collective action context to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of collective actions"). Once the decision concerning certification of the collective action is solely in a court's hands, it is beyond the plaintiffs' control and they should not be penalized for time spent waiting for a signed order. *See Sehr*, 368 F. Supp. 3d at 1108 (citing *Ferguson v. Texas Farm Bureau*, 307 F.Supp.3d 577, 582 (W.D. Tex. 2018) (partially granting a motion to equitably toll the FLSA limitations period to account for the district court's delay in formally certifying the collective action)); *Hernandez v. Caviness Packing Co.*, No. 2:07-CV-142-J, 2008 WL 11183755, at *2, (N.D. Tex. June 2, 2008) (tolling the FLSA limitations period for the entire pendency of motion to certify collective action because the time pending was not attributable to the parties). Because the Court's delay in ruling on Named Plaintiffs' motion for conditional certification is an extraordinary circumstance that warrants tolling, the Court will not address the parties' arguments regarding the COVID-19 pandemic or Defendant's representations about its pay policies.

### C. Will Equitable Tolling Prejudice Defendants?

Named Plaintiffs contend that Defendant will not be prejudiced because it has been on notice of its potential liability since Plaintiffs' Original, First, Second, and Third Amended Complaints. [Dkt. 32, p. 11]. The Court agrees. Defendants will not be surprised or prejudiced by tolling the statute. The purpose of statutes of limitations is "to ensure fairness to defendants and to notify them of claims that they must defend before the claims grow stale." *See Owens v. Bethlehem Mines Corp.*, 630 F.Supp. 309, 313 (S.D.W.Va.1986) (internal citations omitted).

Defendant argues that Named Plaintiffs' equitable tolling argument must be denied because it is speculative and would affect only hypothetical future plaintiffs. [Dkt. 34]. The Court disagrees. The purpose of equitable tolling is to "preserve[] a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). It would defeat the purpose of equitable tolling to require plaintiffs to wait to file until a putative class member has already lost his or her right to sue because the statute of limitations has passed. Therefore, it is appropriate to equitably toll the limitations period from the date the Named Plaintiffs submitted their motion for conditional certification through the deadline members of the putative class are permitted to file their written Consent to join. In the Court's view, exercising the power to equitably toll the limitations period in this suit is consistent with the admonition that the doctrine be applied "sparingly."

### IV. CONCLUSION

IT IS THEREFORE ORDERED that the statute of limitations for members of the putative class is tolled as of July 1, 2020, the date Plaintiffs filed the Motion for Conditional Class Certification, through the deadline members of the putative class are permitted to file their written Consent to join. **SIGNED this 16th day of December, 2020.**

7

Michael J. Truncale
United States District Judge