IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JON M. COSTELLOW, INDIVIDUALLY AND ON BEHALF OF ALL THOSE SIMILARLY SITUATED | § § § § | |
| | § | CASE NO. 1:20-cv-00179 |
| v. | § § | JUDGE MICHAEL TRUNCALE |
| BECHT ENGINEERING CO., INC. | § § | |

# ORDER

Before the Court is the parties' proposed Time Sensitive Notice of Rights to Join Collective Action Lawsuit. [Dkt. 45]. On December 9, 2020, the Court issued an Opinion and Order granting in part and denying in part Plaintiffs' Opposed Motion to Certify a Collection Action. [Dkt. 41]. The Court ordered counsel to confer regarding Plaintiffs' proposed notice and submit a proposed agreed notice. In compliance with the Court's Order, counsel conferred and submitted a proposed agreed Notice with Consent form. While counsel resolved multiple issues concerning the form of the Notice and Consent, they were unable to resolve two disputes and have agreed to submit same to the Court for resolution.[1] The issues include (1) the length of the opt-in period, and (2) certain language concerning an individual's right to represent themself and/or seek out other counsel.

---

[1] "In motions for conditional certification of FLSA collective actions, the Supreme Court has declined to determine what form court-approved notice must take or its contents and instead has delegated these tasks to the district court's broad discretion." *Harris v. Hinds Cty., Miss.*, No. 3:12-CV-00542-CWR-LR, 2014 WL 457913, at *7 (S.D. Miss. Feb. 4, 2014) (citing *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 171 (1989) ("Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of the district court to begin its involvement early, and at the point of the initial notice, rather than at some later time.")); *see also Tolentino v. C & J Spec–Rent Servs. Inc.*, 716 F.Supp.2d 642, 655 (S.D. Tex. 2010) (exercising discretion to resolve disputes over whether proposed notice "serves to inform prospective class members of their ability to join the lawsuit" and recommending modifications to the language).

### A. Duration of Opt-in Period

Plaintiffs have requested ninety (90) days for the opt-in period, and Defendant has requested thirty (30) days. [Dkt. 45]. The Court finds a sixty-day (60) notice period to be a fair resolution of the dispute between the parties. Although opt-in periods commonly range from as little as 30 to as many as 120 days, most courts appear to default to a notice period of 60 days, unless potential plaintiffs are difficult to contact because of their locations or other extenuating factors warrant additional time, which has not been argued here. *See, e.g., Sims v. Housing Auth. City of El Paso*, No. EP–10–CV–109–KC, 2010 WL 2900429, at *5 (W.D. Tex. July 19, 2010) (finding 60 day opt-in period reasonable); *Mims v. Carrier Corp.*, No. 2:06–CV–206, 2008 WL 906335, at *1 (E.D. Tex. Mar. 31, 2008) (granting 60 day opt-in period); *Heeg v. Adams Harris, Inc.*, 907 F.Supp.2d 856, 865 (S.D. Tex. 2012) (granting request for 60 day opt-in period).

It is therefore ORDERED that the notice period will commence on the date the notices are sent out and will last for sixty (60) days. The parties are ORDERED to notify the Court of the date the notices are sent out within seven (7) days of the date the notices are sent.

### B. Language Regarding Counsel

Plaintiffs object to certain language Defendant is proposing to include in Sections 7 and 12, as cumulative of the information contained in Section 9 which concerns an individual's right to "Not to Join the Lawsuit." Section 9 states:

> If you choose not to join the Lawsuit, you will not be affected by any judgment or settlement of the FLSA claims made the basis of this Notice. If you do not join the Lawsuit, you will not receive any money from any judgment or settlement of the FLSA claims in this Lawsuit. You are free to file your own lawsuit. If you choose not to join the Lawsuit so you can start or continue your own lawsuit against Becht, you should talk to your own lawyer soon because your claims may be subject to the statute of limitations. [Dkt. 45-1].

Section 7 explains "How to Join the FLSA Claims in the Lawsuit." Defendant seeks to include language in Section 7 that states:

> You have a right to consult with an attorney of your choosing before deciding to join this lawsuit. If you decide to join this lawsuit, you also have the right to select any attorney or law firm to represent your interests in this lawsuit. You also have the right to represent yourself. Also, if you decide to join this Lawsuit, you should not contact Becht's attorneys if you are represented by legal counsel. Instead, all communications from you should be directed to the attorneys listed in Section 7 above and/or the attorney(s) you select to represent your legal interests in this Lawsuit. [Dkt. 45-1].

The Court finds, based on a review of the relevant law, that the notice should include this information informing potential class members that they may contact any attorney of their choosing to discuss the case and are not specifically limited to the named Plaintiffs' counsel. *See Santinac v. Worldwide Labor Support of Illinois, Inc.*, 107 F. Supp. 3d 610, 618 (S.D. Miss. 2015); *see also, e.g.*, *Tolentino v. C & J Spec–Rent Servs., Inc.*, 716 F.Supp.2d 642, 655 (S.D. Tex. 2010); *Garcia v. TWC Admin., LLC*, No. SA:14–cv–985–DAE, 2015 WL 1737932, at *8 (W.D. Tex. Apr. 16, 2015). This information is, however, more appropriate for Section 12, which explains "Your Legal Representation if You Join." This language shall be deleted from Section 7 and inserted into Section 12 as described below.

Section 12 states "If you decide to join this collective action lawsuit, your attorneys will be John Werner and Mark Frasher of the law firm of Reaud, Morgan & Quinn, located in Beaumont, Texas, unless you select different attorneys or choose to represent yourself." [Dkt. 45-1]. Plaintiffs want to omit the following phrase: "unless you select different attorneys or choose to represent yourself." Plaintiffs object that this language is cumulative of the language in Section 9. *Id.* As previously discussed, it is important that the notice include such information. Therefore, Section 12 shall now read:

> If you decide to join this collective action lawsuit, your attorneys will be John Werner and Mark Frasher of the law firm of Reaud, Morgan & Quinn, located in Beaumont, Texas, unless you select different attorneys or choose to represent yourself.
>
> You have a right to consult with an attorney of your choosing before deciding to join this lawsuit. If you decide to join this lawsuit, you also have the right to select any attorney or law firm to represent your interests in this lawsuit. You also have the right to represent yourself. Also, if you decide to join this Lawsuit, you should not contact Becht's attorneys if you are represented by legal counsel. Instead, all communications from you should be directed to the attorneys listed in Section 7 above and/or the attorney(s) you select to represent your legal interests in this Lawsuit.

### C. Remaining Content of the Notice

The Court also finds that the inclusion of the case caption in the notice is inappropriate because it may be misunderstood as judicial sponsorship or merit. *See In re Wells Fargo Wage and Hour Employment Practices Litigation (No. III)*, 2013 WL 2180014, at *5 (S.D. Tex. 2013) (citing *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1047 (N.D. Ill. 2003) (finding that the caption of a proposed notice that included the name of the court, the title of the action, the file number, and the assigned judge was "judicial imprimatur" that was "likely to be misunderstood as a representation that the suit probably has merit.")). The indications in the proposed notice that it is court authorized, however, merely state a fact and do not suggest that the court endorses Plaintiffs' claims. *Id*.

## CONCLUSION

It is therefore ORDERED that the notice period will commence on the date the notices are sent out and will last for sixty (60) days. The parties are ORDERED to notify the Court of the date the notices are sent out within seven (7) days of the date the notices are sent.

It is further ORDERED that the disputed language in Section 7 shall be deleted from Section 7 and inserted into Section 12 as outlined more fully above.

It is further ORDERED that the disputed language in Section 12 shall not be deleted.

It is further ORDERED that the case caption shall be removed from the top of the notice.

**SIGNED this 7th day of January, 2021.**

*Michael J. Truncale*
Michael J. Truncale
United States District Judge